JOSÉ RAMÓN RIVAS RIVERA, peticionario y apelante,
v. GERARDO DELGADO, ETC., demandado y apelado.

*Número:* 12927    *Resuelto:* 21 de noviembre de 1962

*Federico Valladares,* abogado del apelante; *J. B. Fernández Ba-
dillo, Procurador General,* y *Jorge Segarra Olivero, Procura-
dor General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Belaval como Presi-
dente de Sala y los Jueces Asociados Señores Hernández Ma-
tos y Santana Becerra.

PER CURIAM: En 22 de abril de 1958 el peticionario-
apelante radicó por su propio derecho recurso de hábeas
corpus en la Sala de San Juan del Tribunal Superior, ale-
gando la nulidad de una sentencia de cinco a diez años de
presidio que le fuera impuesta el 13 de abril de 1948 en el
caso *F–895.* Expuso dos motivos de nulidad: (1) Porque
al ser arrestado no se cumplieron las disposiciones de los
artículos 44 y 33 del Código de Enjuiciamiento Criminal de
Puerto Rico al no ser llevado ante un Juez instructor; y
(2) porque careció de la debida asistencia y defensa de
abogado. En la contestación el Alcaide de la Penitenciaría
hizo constar que el peticionario había sido sentenciado en
23 de marzo de 1948 en el caso *F–845* a cumplir de tres a

quince años de presidio; y en 12 de abril de 1948 había sido sentenciado a cumplir de cinco a diez años de presidio en el caso *F–895*. Certificó además que la sentencia de tres a quince años ya había sido cumplida el 6 de febrero de 1958 y que la de cinco a diez años quedaría cumplida el 6 de octubre de 1964.

La vista del recurso se celebró el 24 de junio de 1958 y se practicó prueba en cuanto a si el peticionario había tenido o no una adecuada asistencia legal en el caso *F–895*. En septiembre 30, 1958 la Sala sentenciadora dictó una breve resolución declarando sin lugar el recurso, considerando sólo el planteamiento referente a los artículos 33 y 44 del Código de Enjuiciamiento Criminal. No falló en cuanto a la contienda principal relacionada con una adecuada defensa. En octubre 14 de 1958 el peticionario radicó su escrito de apelación y en octubre 23 obtuvo una orden para que se transcribiera el récord con beneficio de pobreza. Entre octubre 23 de 1958 y marzo 28 de 1960 se concedieron 17 prórrogas de un mes cada una al taquígrafo para preparar la transcripción sin que en relación con ninguna de ellas el Tribunal investigara la situación del récord. A partir del 28 de marzo de 1960 no hay constancias en el récord en torno a la transcripción, que aparece radicada finalmente en 21 de julio de 1961. Quedó aprobada el 24 de agosto de 1961. La transcripción aludida consta de 27 páginas.

El recurso se perfeccionó ante nos el 9 de octubre de 1962. Aparte de la forma en que habrá de disponerse de este caso, una tardanza como la anteriormente vista en la preparación de un breve récord taquigráfico no es deseable, particularmente en un procedimiento de hábeas corpus. Éste no es una mera contienda entre partes privadas; más bien es un procedimiento en que el Estado tiene un gran interés en determinar si una persona está ilegalmente privada de su libertad. Ello hace deseable una mayor vigilancia por parte de la Sala sentenciadora a fin de que situaciones como

la anteriormente señalada no se produzcan. Si este peticionario hubiera tenido finalmente derecho a su libertad, —de no haber intervenido otros hechos a los cuales nos referiremos,—la dilación le hubiera sido grandemente perjudicial.

Este recurso resulta académico. El Alcaide de la Penitenciaría certificó que la sentencia dictada en el caso *F–845* de tres a quince años de presidio había quedado extinguida el 6 de febrero de 1958, antes de radicarse este recurso. No obstante haberse cumplido ya dicha sentencia, la misma fue anulada el 6 de julio de 1960 por la Sala de San Juan del Tribunal Superior en otro procedimiento de hábeas corpus radicado el 4 de marzo de 1960. Se anuló la misma porque el acusado no había tenido en el caso *F–845* la debida asistencia de abogado. Como consecuencia de este fallo anulando la sentencia del caso *F–845*, al acusado se le hicieron ciertos reajustes en que la sentencia dictada en el *F–895* que había de extinguir en 6 de octubre de 1964 quedaba extinguida, y en 8 de julio de 1960 el peticionario fue puesto en completa libertad.

En estas circunstancias el presente recurso es académico. Cfr. *E.L.A.* v. *Aguayo*, 80 D.P.R. 552; *Díaz* v. *Campos*, 81 D.P.R. 1009. *Se dictará sentencia ordenando el archivo del mismo.*