FERNANDO MARTÍNEZ RIVERA, peticionario, v. TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, demandado.

*Número*: O-73-255     *Resuelto*: 28 de enero de 1974

*Fernando Martínez Rivera, pro se; Benigno Alicea Alicea,* abogado del peticionario; *Myriam Naveira de Rodón, Procuradora General,* y *Carmen Celinda Ríos, Procuradora General Auxiliar,* abogadas del demandado.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Un convicto extinguiendo sentencia de 5 a 10 años de presidio en la Penitenciaría Estatal por infracción de la antigua Ley de Narcóticos luego de agotar remedios bajo la Regla 192.1 de Procedimiento Criminal radicó por derecho propio una solicitud de hábeas corpus y un juez de la sala de instancia "encontró causa" y expidió el auto señalando vista para el 25 de agosto de 1972. Dicho día se llamó el caso ante otro juez y como el peticionario no tenía abogado le

nombró uno que pidió tiempo para prepararse y terminó la vista con la expresión por el tribunal de que "cuando esté listo se señalará nuevamente este caso." No se señaló más.

El 11 de junio de 1973 el tribunal notificó orden bajo la Regla 11 de Administración advirtiendo al recluso que su recurso llevaba más de 6 meses inactivo, la que fue seguida por sentencia de 22 de junio de 1973 desestimando y archivando el caso a tenor de la citada Regla 11.

Sólo el probable acto *per incuriam* de haber incluido este expediente entre los muchos que al finalizar el año fiscal se archivan en bloque por abandono, explica la muerte sin gloria del venerado recurso de hábeas corpus.

■ Para revivir ante la clase profesional y la judicatura la altísima jerarquía de este auto de libertad, el más templado instrumento contra la opresión, el abuso y la injusticia, privilegio del pueblo así calificado en la Constitución (Art. II, sec. 13), hemos de reiterar que la Regla 5(b) de Administración instruye el señalamiento del hábeas corpus a tenor de la ley especial que lo regula, en estos casos los Arts. 472 y 480 del Código de Enjuiciamiento Criminal (34 L.P.R.A. secs. 1744 y 1752), los cuales mandan expedir el auto sin demora cuando resultare que deba expedirse y conceden al tribunal "amplios poderes" para ejecutar todos los actos y diligencias necesarios hasta *resolver* con arreglo a derecho.

■ Los preceptos citados imponen a las cortes, no al peticionario, la iniciativa de señalar y la obligación de considerar y finalmente resolver la solicitud de hábeas corpus, lo cual coloca este caso fuera del ámbito de la Regla 11 proveyendo archivos por inactividad, toda vez que ésta es imputable al tribunal y no al peticionario.

■ Recordemos que esta no es una contienda privada sino una saturada de gran interés público (*Rivas Rivera* v. *Jefe Penitenciaría*, 86 D.P.R. 571, 572 (1962)); que el

hábeas corpus, una vez que se expide el auto, constituye esencialmente una encuesta que abre el propio Estado para investigar la validez de la privación de la libertad de uno de sus ciudadanos. En ese sentido la misión del tribunal no es la del mero árbitro pasivo de las controversias ordinarias adversativas que depende para fallar de aquellos elementos de juicio que las partes en contrario tienen a bien someterle. Hay un interés primordial del Estado en un hábeas corpus, el que la verdad se esclarezca, habiendo de por medio la libertad ·del individuo. (*Córcoles Droz* v. *Jefe Penitenciaría*, 89 D.P.R. 1; 13 (1963).) No hay lugar para refinamientos procesales (*Reynolds* v. *Jefe Penitenciaría*, 90 D.P.R. 373, 383 (1964)), y menos para el olvido que siempre hay detrás de una sentencia de archivo por abandono.

*Se dejará sin efecto la sentencia de archivo dictada en 22 de junio de 1973, por la Sala de Ponce del Tribunal Superior, a la cual se devolverá el caso para continuación de procedimientos consistentes con esta opinión.*